## Blue Beaver Elkhorn Coal Company v. Little.

(Decided November 13, 1923.)

### Appeal from Floyd Circuit Court.

1.  Damages—Allowance of Damages for Permanent Injuries to Coal Miner from Foul Air Held Not Warranted by Evidence.—In coal miner's action against mine operator for injuries from foul air in the mine caused by operator's failure to ventilate the mine as required by the statute, in which there was no evidence to show that the foul air was the proximate cause of an attack of pneumonia which followed some time later, or that the pneumonia brought about any permanent impairment of the miner's power to earn money, and in which the miner admitted that subsequent to alleged injuries he continued to work for the defendant and other coal mining companies for the same and higher wages than he had previously received, the court was not warranted in authorizing allowance of damages for permanent injuries.

2.  Damages—$900.00 Verdict for Injuries to Coal Miner from Foul Air in Mine Held Excessive.—In coal miner's action against mine operator for injuries from foul air in the mine, caused by operator's failure to ventilate the mine as required by the statute, in which there was no evidence to show that the foul air was the proximate cause of an attack of pneumonia which followed some time later, or that the pneumonia brought about any permanent

impairment of the miner's power to earn money, and in which the miner admitted that subsequent to alleged injuries he continued to work for the defendant and other coal mining companies for the same and higher wages than he had previously received, a verdict of $900.00 was excessive, being more than sufficient to compensate him for pain and suffering.

3.  Master and Servant—Risk from Neglect of Statutory Duty Not Assumed.—There is no assumption of risk by the employee where the employer neglects a statutory duty.

4.  Master and Servant—Employer Liable for Failure to Ventilate Mine as Required by Statute.—Coal mine operator's failure to ventilate mine as required by a statute entitled miner to recover damages for injuries caused by the foul air, unless he was warned by the foreman not to work in the mine, or was guilty of contributory negligence.

J. D. SMITH, A. B. COMBS, and SMITH & COMBS for appellant.

B. M. JAMES and PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Varn Little brought this suit against the Blue Beaver Elkhorn Coal Company to recover damages for personal injuries.   From a verdict and judgment in his favor for $900.00 the company appeals.

The company operates a coal mine in Floyd county, and Little was in its employ.   On December 10, 1919, Little went to work in the mine.   It is admitted that the mine was not ventilated as required by the statute. Shortly after going into the mine, Little was overcome by foul air.   He and his witnesses say that when they reported for work, the mine foreman told them to go in and shoot down the coal and he would start the fan.   On the other hand, the foreman says that he told Little and those with him that he had no gasoline, and that they had better not go to work that night.   Little replied that they would go on in anyhow and wait, and maybe the gasoline would come directly.

With reference to the extent of his injuries, plaintiff testified that his lungs kept hurting him until he took the pneumonia fever and was unable to work for fifty days. For some time before that he had had no trouble with his lungs.   Before he was injured his ordinary weight was between 145 and 150 pounds. Since that time he weighed from 138 to 142 pounds, and his lungs had given him trouble ever since.   It developed on the cross-examination, however, that Little went to work the next day and continued to work regularly up until the Christmas holi-

days, when he stopped for awhile and then resumed work up to January 1st, when he quit. On February 25th he worked at another mine, where he earned $5.00 per day, although he earned only $4.50 per day before he was injured. After that time he continued to work at various places for different periods of time.

It is difficult to perceive upon what theory an instruction authorizing, or a finding of, damages for permanent injuries may be sustained. In the first place there was no evidence tending to show that the foul air in the mine was the proximate cause of the attack of pneumonia which followed some time later, or that the pneumonia itself brought about any permanent impairment of Little's power to earn money. In the next place Little admitted that for several days immediately following his alleged injuries, he continued to work for the company at the same wages, and thereafter worked for other comvanies at wages even higher than those which he had previously received. In view of these facts, we cannot say that a finding of $900.00 is no more than sufficient to compensate him for his pain and suffering, but are constrained to hold that the finding is excessive and that the instruction authorizing a recovery for the permanent impairment of his power to earn money should not have been given.

As there is no assumption of risk by the employe where the master neglects a statutory duty, Jellico Coal Mining Co. v. Walls, 160 Ky. 730, 170 S. W. 19, and such neglect was admitted in this case, it follows that Little, if injured by the foul air in the mine was entitled to recover unless he was warned by the foreman not to work in the mine, or was guilty of contributory negligence as set forth in instruction No. 4 given by the court, and on another trial the court will so instruct the jury.

Judgment reversed and cause remanded for new trial consistent with this opinion.